UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| H&R BLOCK EASTERN ENTERPRISES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.:1:07-CV-48-SPM/AK ) |
| DIANA J. EMMONS, | ) ) ) |
| Defendant. | ) |

### ORDER AND JUDGMENT

Upon motion of Plaintiff for default Judgment, upon review of the pleadings filed herein, and the failure of the Defendant to respond, IT IS HEREBY ORDERED:

A.   Judgment is entered in favor of H&R Block, and against Defendant on all counts in the amount of $8,164.80, plus post-judgment interest at the rate of 4.89%[1].

B.   The Employment Agreement is a valid and enforceable agreement between Diana Emmons and H&R Block;

C.   Defendant is hereby enjoined from the date of this Order up to and including April 30, 2009 from directly or indirectly providing any of the following services for H&R Block's Clients (as defined in paragraph 6 of the Settlement Agreement): (1)

---

[1] The post-judgment interest rate is determined by federal law, 28 U.S.C. § 1961, even in diversity cases.  See G.M. Brod & Co., Inc. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985).

prepare tax returns, (2) file tax returns electronically, and/or (3) provide bookkeeping or any other product or service that H&R Block offers to its clients within Defendant's district of employment; and/or directly or indirectly soliciting H&R Block's Clients (as defined in paragraph 6 of the Settlement Agreement) for the purpose of offering to such clients: (1) tax return preparation services, (2) electronic filing of tax returns, or (3) any other product or service that H&R Block offers to its clients within Defendant's district of employment.

  D. Defendant is hereby enjoined from the date of this Order up to and including April 30, 2009 from a) making copies of, reproducing, or retaining any Confidential Business Information of Plaintiff; b) directly or indirectly making known, divulging, misappropriating, or communicating to any person or entity any Confidential Business Information of Plaintiff; and c) using any Confidential Business Information of Plaintiff for any reason.

  E. Defendant is hereby enjoined from the date of this Order up to and including April 30, 2009 from a) directly or indirectly soliciting Plaintiff's employees to leave the employment of Plaintiff or to work for a competitor of Plaintiff, or otherwise interfere with the Plaintiff's continuing relationship with its employees; or b) directly or indirectly hiring Plaintiff's employees.  Plaintiff's employees shall be defined as persons employed by the Company at the time of the solicitation or hiring at any time during the term of Defendant's employment with H&R Block;

    F.    Defendant shall provide to David Kight, counsel for H&R Block, by April 30, 2008, a list of all clients served by Defendant (either directly or on behalf of any employer or business) for the tax season ending on or about April 15, 2008. This list shall include the name, address, phone number, social security number and total fee charged. Failure to comply with this requirement shall be grounds for contempt of court;

    G.    Plaintiff shall file a statement by May 8, 2008 with this Court indicating the number of clients who appear on the list provided by Defendant and the list of clients as defined in Emmons' employment agreement. Both lists shall be attached as exhibits filed under seal. The Court shall impose a fine of $200 per client or double the actual fee charged whichever is larger for each client who appears on both lists. Said fine shall be paid immediately to Plaintiff. Failure to pay this fine to Plaintiff within five days of the order imposing said fine shall be grounds for contempt of court;

    H.    Defendant shall provide to David Kight, counsel for H&R Block, by April 30, 2009, a list of all clients served by Defendant (either directly or on behalf of any employer or business) for the tax season ending April 18, 2009. This list shall include the name, address, phone number, social security number and total fee charged. Failure to comply with this requirement shall be grounds for contempt of court;

    I.    Plaintiff shall file a statement by May 8, 2009 with this Court indicating the number of clients who appear on the list provided by Defendant and the list of clients as defined in Perkins's employment agreement. Both lists shall be attached as exhibits filed under seal. The Court shall impose a fine of $200 per client or double the actual fee charged whichever is larger for each client who appears on both lists. Said fine shall be

paid immediately to Plaintiff.  Failure to pay this fine to Plaintiff within five days of the order imposing said fine shall be grounds for contempt of court;

    J.    All Parties acknowledge that only this Court has jurisdiction to properly enter and enforce this Order. All Parties acknowledge that only this Court retains jurisdiction to enforce this Order and obligations thereunder.

    K.    In the event that any part of this Order is violated by any person bound by this Order, the party benefitting by the Order may, by motion with notice to the other party, apply for sanctions and attorney's fees and costs, with such relief being appropriate.

    DONE AND ORDERED this 24th day of May, 2007.

                                *s/ Stephan P. Mickle*
                                Stephan P. Mickle
                                United States District Judge